IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN LEE GRADY, SR., #16001-040** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1270−JPG |
| ) | |
| **NATHON BENNETT,** ) | |
| **SHAWN WHITECOTTON,** ) | |
| **M. WINN,** ) | |
| **JEFFERY POWERS,** ) | |
| **UNITED STATES OF AMERICA,** ) | |
| and **JOHN & JANE DOE,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Kevin Lee Grady, Sr., an inmate in the United States Penitentiary in Marion, Illinois, filed this *pro se* civil rights action for alleged violations of his constitutional rights by persons acting under the color of federal authority.[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Specifically, he alleges that his constitutional right to equal protection[2] was violated when he was terminated from his position as a warehouse clerk with UNICOR.

---

[1] Plaintiff cites 42 U.S.C. § 1983 as the basis for his Complaint (Doc. 6), but because he is a federal prisoner, the appropriate authority is *Bivens*. A *Bivens* action is the federal equivalent of a § 1983 civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

[2] Plaintiff cites the Fourteenth Amended as the basis for his Equal Protection claim, but because he is a federal prisoner, the applicable basis for his claim is the equal protection principles read into the Fifth Amendment. *See*, *e.g.*, *Markham v. White*, 172 F.3d 486, 491 (7th Cir. 1999) ("When a case is brought against federal officials, the equal protection clause of the Fourteenth Amendment does not provide the theoretical basis for the claim. Instead, courts turn to the due process clause of the Fifth Amendment, which has been understood to incorporate equal protection principles . . . .").

1

(Doc. 6). He sues the defendants for monetary relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

In his Complaint (Doc. 6), Plaintiff makes the following allegations: on April 20, 2016, Plaintiff was hired as a warehouse clerk by UNICOR as part of a vocational training program

implemented by the federal government. (Doc. 6, p. 6). He was hired and worked alongside inmate Vincent Sharp. *Id.* Plaintiff performed his warehouse clerk duties, which involved responsibility for shipping and receiving, until August 8, 2016. *Id.* On August 8, 2016, Plaintiff and inmate Sharp "were sitting on the deck as they [did] everyday waiting on an [*sic*] Unicor trailer to arrive," at which point Defendant Nathon Bennett came out of the office and asked Plaintiff what he was doing there. *Id.* Plaintiff answered that he was waiting for a UNICOR trailer to arrive, to which Bennett asked how he could know that was true. *Id.* Plaintiff asked Bennett, in response: "Don't you guys communicate with each other?" *Id.* Bennett angered at this remark, chastised Plaintiff, and told him that he did not belong there. *Id.* Bennett then commanded Plaintiff to go elsewhere, and Plaintiff left the work area. *Id.*

Before Plaintiff was terminated from his position in August, Shawn Whitecotton, Unicor Plant Manager, hired inmate Gary Lott for the same position as Plaintiff and Sharp. (Doc. 6, p. 7). Lott was "working at the warehouse loading and unloading trailers doing the same job inmate Grady was doing when Mr. Bennett kicked inmate Grady off the work site for not being authorized," though Lott was "also not authorized to work inside the warehouse" and was not kicked off. (Doc. 6, p. 6). Plaintiff filed a request for an administrative remedy for his being terminated from his position. *Id.* Bennett responded to Plaintiff's filing with a claim that he was out of bounds and not authorized to be in the warehouse, which Plaintiff claims was also true for Lott who was not kicked off the work site. (Doc 6, pp. 6, 8).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

>   **Count 1 –** Defendants violated Plaintiff's Fifth Amendment equal protection rights by being responsible for Plaintiff's termination from his position as a warehouse clerk with UNICOR when other similarly situated individuals were allowed to remain in the position.

As discussed in more detail below, Count 1 will be dismissed for failing to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

"The Equal Protection Clause . . . prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse, Wis.*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff's equal protection claim is a "class of one" claim because he believes he was improperly singled out for discriminatory treatment, *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010), and he does not allege that he has been discriminated against because of a protected classification such as race, sex or national origin. *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010). To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. Chetek*, 719 F.3d 780, 784–85 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

The Supreme Court in *Engquist v. Oregon Department of Agriculture* held that "a 'class-of-one' theory of equal protection has no place in the public employment context." 553 U.S. 591, 594 (2008). In *Engquist*, an employee of the state of Oregon was denied a promotion and ultimately terminated. 553 U.S. at 594-95. She brought several claims regarding her

termination, including a class-of-one claim. *Id.* at 595. The Court rejected the viability of her class-of-one claim, noting that such a claim was a "poor fit in the public employment context." *Id.* at 605. "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id.*

*Engquist*'s reasoning is equally applicable to the instant case involving employment in a federal prison work program. *See Alexander v. Lopac*, No. 11 C 50012, 2011 WL 832248, at *2 (N.D. Ill. March 3, 2011) (dismissing at threshold stage class-of-one claim for denial of position in prisoner work program) (collecting cases); *Floyd v. Blaesing*, No. 11-cv-3444, 2012 WL 424854, at *2 (C.D. Ill. Feb. 9, 2012) (dismissing at threshold stage class-of-one claim for denial of job while in detention). Plaintiff believes the defendants' exercise of their broad discretion to remove him from his warehouse position for either being out of bounds or making a comment that angered Bennett is an equal protection violation. However, situations involving this type of broad discretion are exactly what the *Engquist* Court recognized were not covered by a "class-of-one" claim. *See Abcarian*, 617 F.3d at 939 ("We have interpreted *Engquist* to stand for the broad proposition that inherently subjective discretionary governmental decisions may be immune from class-of-one claims."). "Additionally, it would be anomalous to allow a prisoner to bring such a claim when corrections officers themselves cannot." *Lopac*, 2011 WL 832248, at *2.

Because Plaintiff's class-of-one claim is not viable given its context, it will be dismissed with prejudice, and a strike will be assessed pursuant to 28 U.S.C. § 1915(g).

## Pending Motions

Plaintiff has filed a Motion for Copy of Docket Sheet (Doc. 7), which is hereby **GRANTED**. The clerk shall be directed to provide Plaintiff with a copy of the docket sheet as a

one-time courtesy to him. Any future requests for copies will be subject to this Court's normal fee requirements. As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

Plaintiff has also filed an "Amendment to Complaint," construed as a Motion to Amend Complaint (Doc. 12), which is hereby **DENIED**. Generally, this Court does not accept piecemeal amendments to a complaint. Per Local Rule 15.1, which addresses amended pleadings, Plaintiff should have moved to amend and submitted his proposed pleading with all new material underlined. He instead exclusively submitted new material he intended to be incorporated into the Complaint in violation of the rule. (*See* Doc. 12).

Further, leave to amend need not be granted when such amendment would be futile, as it would be in this case. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). Plaintiff's proposed amendment merely seeks to add more defendants to this case and include an explanation as to why one of the proposed defendants, Maureen Baird, could be held vicariously liable for the actions of her subordinates. Such an amendment is futile as it would not change the fact that Plaintiff's class-of-one equal protection claim is not viable.

## Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice** for failure to

state a claim upon which relief may be granted.  Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to provide Plaintiff with a courtesy copy of the docket sheet for this matter.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

      **IT IS SO ORDERED.**

      **DATED: March 2, 2017**

      *s/J. Phil Gilbert*
      **United States District Judge**